UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
CONSERVATION LAW                              )
FOUNDATION, INC.,                             )
                                              )
                Plaintiff,                    )
                                              )        Civil Action No. 12-10773-GAO
v.                                            )
                                              )
SONE ALLOYS, INC., et al.,                    )
                                              )
                Defendants.                   )
_____)

REPORT AND RECOMMENDATION ON DEFENDANT
JOSEPH ENOS & SONS TRUST'S MOTION TO DISMISS
[Docket No. 36]

January 2, 2014

Boal, M.J.

        In this Clean Water Act action, defendant Joseph Enos & Sons Trust (the "Trust") moves

to dismiss the claims against it on the grounds that it does not own, operate, or manage the

property at issue in this case.[1]  Docket No. 36.[2]  Plaintiff Conservation Law Foundation ("CLF")

does not oppose dismissal of the Trust from this action but opposes the Trust's request for

attorneys' fees.  For the following reasons, this Court recommends that the District Court grant

the Trust's motion to dismiss but deny its request for attorney's fees.

_____

        [1] The motion to dismiss is unclear as to whether it only applies to the Trust.
Nevertheless, at oral argument, Defendants' counsel clarified that the motion only pertains to the
Trust.

        [2] The District Court referred the case to the undersigned for full pretrial management,
including dispositive motions, on June 24, 2013.  Docket No. 34.

I.      FACTUAL AND PROCEDURAL BACKGROUND

CLF filed this action on April 30, 2012.  Docket No. 1.  CLF alleges that defendants Sone

Alloys, Inc. ("Sone") and Joseph Enos & Sons Trust (the "Trust") (collectively, the

"Defendants") own and operate a scrap metal facility in Taunton, Massachusetts (the "Facility").

They also allege that the Facility discharges polluted runoff into the waters of the United States

in violation of the Clean Water Act.

CLF included the Trust as a defendant in this lawsuit based on the information

reasonably available to it at the time.  See Docket No. 38 at 1-2.  The Trust failed to make its

initial disclosures.  On May 24, 2013, the District Court granted the motion to compel and

ordered the Defendants to provide initial disclosures within 30 days.  Docket No. 29.

On July 24, 2013, without first conferring with CLF as required by Local Rule 7.1, the

Trust filed the instant motion to dismiss.  Docket No. 36.  The Trust argued, inter alia, that the

Complaint, as well as its mandatory notice prerequisite to suit, are defective because they falsely

identify the Trust and its trustees as the purported owner, managing agent, participant, or

operator of the Facility alleged to be in violation of the Clean Water Act.  Docket No. 37 at 1, 9.

It also argues that the Trust is an incomplete business trust lacking the capacity to act as an

owner, managing agent, participant, or operator of the Facility.  Id.  Without citing any

supporting authority for its request, the Defendants also request that the Court award costs and

attorney's fees.  Id. at 16.

Based on the information provided in the Trust's motion to dismiss and information

received during discovery, CLF reached out to the Trust and offered to enter into a stipulation of

dismissal with prejudice with respect to the Trust.  Docket No. 38 at 2, Docket No. 38-2.  The

Trust refused CLF's offer.  Docket No. 38 at 2; Docket No. 38-3.  Instead, the Trust responded

that the "Trust and its Trustees respectfully decline to participate in the Stipulation until the

Court had an opportunity to resolve the matter of costs and fees."  Id.

On August 7, 2013, CLF filed its response to the Trust's motion to dismiss.  Docket No.

38.  CLF agrees that the Trust should be dismissed as a defendant in this case.  Id.  CLF,

however, opposes the Trust's request for attorney's fees.  Id. at 8-10.wf  The Court heard oral

argument on December 18, 2013.

II.    ANALYSIS

A.    Dismissal Of The Trust

CLF concedes that the Trust is not a proper defendant in this case and agrees to its

dismissal with prejudice.  Accordingly, the Court recommends that the District Court dismiss the

Trust as a defendant in this action.

B.    Attorney's Fees

In its memorandum of law, the Trust request that the Court award it costs and attorney's

fees.  Docket No. 37 at 16.  Nowhere in its papers does the Trust cite to any authority or explain

the basis for its request.  For the following reasons, the Court recommends that the District Court

deny the Trust's request for attorney's fees.

The Clean Water Act provides that a court "may award costs of litigation (including

reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party,

whenever the court determines that such award is appropriate."  33 U.S.C. § 1365(d).  However,

a prevailing party in a Clean Water Act suit is not automatically entitled to its litigation costs.

Davis v. Jackson, 776 F. Supp. 2d 1314, 1317 (M.D. Fla. 2011).  The standard applied to a

prevailing plaintiff is less stringent than that applied to a prevailing defendant seeking fees.  Id.; see also Atlantic States Legal Found., Inc. v. Onondaga Dep't of Drainage and Sanitation, 899 F. Supp. 84, 87-88 (N.D.N.Y. 1995).  "A lower burden is placed on a prevailing plaintiff because 'the plaintiff is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'" Davis, 776 F. Supp. 2d at 1317 (citations omitted). "However, when a defendant prevails, different equitable considerations determine whether a fee award is appropriate." Id. "If this were not the case, 'plaintiffs with legitimate, but not airtight, claims would be discouraged from pursuing such claims.'"  Id.

A prevailing defendant may recover fees only if the Court finds that the litigation was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Atlantic States Legal Foundation, 899 F. Supp. at 87 (citations omitted).  "Thus, even an entirely successful defendant may not be entitled to an award of fees." Id. at 88.

Here, CLF named the Trust as defendant based on the information reasonably available to it at the time.  See Docket No. 38 at 4-5.  Despite repeated attempts to do so, CLF's ability to evaluate the Trust's claims that it was not a proper defendant in this case was hindered by the Trust's counsel's refusal to provide information relevant to the status of the Trust.  The Trust failed to even produce initial disclosures until after the District Court compelled it to do so.[3]  It also appears that CLF received conflicting information regarding the status of the Trust during the course of the case.  See Docket No. 13 at 4, 11; Docket No. 38-5 at 4.

Further, the Trust's counsel failed to confer in good faith prior to filing the instant motion

---

[3] The Court more fully sets out the relevant history regarding the Trust's refusal to comply with its initial disclosure obligations in its Order on Plaintiff's Motion for Attorneys' Fees.  Docket No. 62.

to dismiss in violation of Local Rule 7.1.  Local Rule 7.1 states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." L.R. 7.1(A)(2).  "The purpose of Rule 7.1 is to conserve judicial resources by encouraging parties to narrow the contours of disagreement before bringing their dispute to the court." Converse, Inc. v. Reebok Int'l Ltd., 328 F. Supp. 2d 166, 170 (D. Mass. 2004).  Had Trust's counsel complied with Rule 7.1, he likely would have found out that given the new information provided, CLF agrees with the dismissal of the Trust.  Indeed, after the filing of the motion to dismiss, CLF reached out to the Trust and agreed to dismiss its claims against it without prejudice but the Trust rejected the offer.  See Docket No. 38-3.  Accordingly, the Court finds that an award of fees is not appropriate in this case.

III.    RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case grant the Trust's motion to dismiss but deny its request for attorney's fees.

IV.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report

and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d

343 (1st Cir. 1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge